

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*      *(503) 727-1000*
*Portland, OR 97204-2902*      *Fax (503) 727-1117*

November 19, 2013

Patrick Ehlers
Federal Public Defender's Office
101 SW Main St Ste 1700
Portland OR  97204

      Re:    *United States v. Raul Ahumada Ramirez*, Case No. 3:13-CR-00551-JO
              Plea Agreement Letter

Dear Mr. Ehlers:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count One of the charging instrument.   Count One charges the crime of Conspiracy to Distribute Heroin in a quantity exceeding 100 grams in violation of Title 21, United States Code, Section 841(a)(1), 846 and 841(b)(1)(B)(i).

3.    **Penalties**:  Under Count One, the maximum sentence is forty years imprisonment with a mandatory minimum sentence of five years imprisonment, a fine of $2,000,000, at least four years of supervised release, and a $100 fee assessment.   Defendant agrees to pay the $100 fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**:  The government will move at the time of sentencing to dismiss any remaining counts against defendant.   The government also agrees that the US Attorney's Office in the Southern District of California will move to dismiss the pending charges against Defendant in case number 99-MG-0095 following sentencing in this matter.   The government further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the government at the time of this agreement.

Revised 3/29/12

Patrick Ehlers
Re:   Raul Ahumada Ramirez Plea Letter
Page 2


5.      **Sentencing Factors**:   The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.      **Relevant Conduct**:   The parties agree that defendant's relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a) is 750 grams of heroin for a Base Offense Level of 30, prior to adjustments.

7.      **Acceptance of Responsibility**:   Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the government will recommend a three-level reduction in defendant's offense level.   The government reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.      **No Enhancement**:   The government agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 for defendant's prior felony drug conviction.

9.      **"Safety Valve" Adjustment**: The parties agree that defendant does <u>not</u> meet the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum sentence.

10.     **Additional Departures, Adjustments, or Variances**: The government agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

11.     **Stipulated Sentencing Recommendation**: The parties jointly recommend the Court impose on Count One a 72 month sentence of incarceration followed by a supervised release term of at least four years.   Defendant further acknowledges that he is subject to a five year mandatory minimum on Count One pursuant to 21 U.S.C. § 841(b)(1)(B)(i).

12.     **Waiver of Appeal/Post-Conviction Relief**:   Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:   (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.   Should defendant seek an appeal, despite this waiver, the government may take any position on any issue on appeal.   Defendant also waives the right to file any collateral attack, including a motion under

Patrick Ehlers
Re:   Raul Ahumada Ramirez Plea Letter
Page 3

28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.    **Court Not Bound**:   The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.   Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**:   The government will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or commits any new criminal offences between signing this agreement and sentencing, the government is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.    **Forfeiture Terms**:   By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets subject to forfeiture pursuant to 21 U.S.C. § 853, which defendant admits constitute the proceeds of defendant's criminal activity, were used to facilitate defendant's criminal activity and were involved in defendant's criminal activity in violation of Title 21, United States Code, Sections 841(a)(1).

17.    **Memorialization of Agreement**:   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.    **Deadline**:   This plea offer expires if not accepted by **December 2, 2013, at 5 p.m.**

Sincerely,

S. AMANDA MARSHALL
United States Attorney


*/s/ Steven T. Mygrant*
STEVEN T. MYGRANT
Special Assistant United States Attorney

**Revised 3/29/12**

Patrick Ehlers
Re:   Raul Ahumada Ramirez Plea Letter
Page 4


I have carefully reviewed every part of this agreement with my attorney.   I understand and
voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement.
I wish to plead guilty because, in fact, I am guilty.


_12/19/13_
Date                                              _Raul  Ahumada  Ramirez_
                                                  Raul Ahumada Ramirez, Defendant


I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement
with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead
guilty are informed and voluntary ones.


_12/19/13_
Date                                              _____
                                                  Patrick Ehlers, Attorney for Defendant