S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**STEVEN T. MYGRANT, OSB #03129**
Special Assistant United States Attorney
stevenmyg@co.clackamas.or.us
1000 SW Third Ave., Suite 600
Portland, OR   97204-2902
Telephone:   (503) 655-8431
Facsimile:   (503) 727-1105
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3: 13-CR-00551-JO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RAUL AHUMADA RAMIREZ,** | |
| Defendant. | Sentencing Date: July 2, 2014, at 10:00am |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Steven T. Mygrant, Special Assistant United States Attorney, hereby submits the following sentencing memorandum.

### I.    GOVERNMENT'S SENTENCING RECOMMENDATION

For the reasons set forth below, the government recommends that the Court impose a sentence of 51 months' imprisonment, a four year term of supervised release and a $100 fee assessment.   Such a sentence properly addresses the nature and seriousness of the offense, provides just punishment, affords adequate deterrence and protects the public from further crimes of this defendant.

## II. PROCEDURAL HISTORY

In May 2013, Clackamas County Interagency Task Force (CCITF) conducted an ongoing heroin trafficking investigation involving a subject identified as "Eric." In September 2013, CCITF and Portland Police Bureau (PPB) continued the ongoing investigation and were able to determine "Eric's" physical location through the use of a court-ordered GPS technology. Investigators were able to physically locate and identify "Eric" as Raul Ahumada Ramirez. Investigators arrested Ahumada Ramirez on September 5, 2013.

On December 19, 2013, defendant appeared before the Honorable Judge Robert E. Jones. At that time, defendant entered a guilty plea to the charge of Conspiracy to Distribute Heroin in a Quantity over 100 grams pursuant to 21 U.S.C. Section 841(a)(1), 21 U.S.C. Section 841 (b)(1)(B)(i). Judge Jones ordered a Presentence Investigation Report (PSR). The Court ultimately scheduled sentencing for July 2, 2014.

## III. FACTUAL BACKGROUND

In May 2013, CCITF began a heroin trafficking investigation following a heroin overdose. PSR ¶ 12. Investigators contacted numerous individuals involved in distributing heroin during this investigation, but were unable to conclusively trace the heroin that led to the overdose death to one particular suspect or one particular organization. However, investigators were able to conduct controlled buys and develop cooperating informants during this investigation. PSR ¶ 12-14.

CCITF investigators developed a suspect known as "Eric" who was actively involved in trafficking heroin into Oregon. PSR ¶ 14. Over the course of the next several months, investigators from PPB and CCITF used multiple cooperating informants to attempt to locate and identify "Eric." Investigators were able to arrest multiple subjects associated with "Eric," but

**Government's Sentencing Memorandum**　　　　　　　　　　　　　　　　　　　　　　　**Page 2**

"Eric's" physical location remained elusive. On September 5, 2013, CCITF investigators with the assistance of PPB were able to obtain a new phone number utilized by "Eric" and subsequently obtained a court-order permitting investigators to electronically track the target cell phone. PSR ¶ 18. On September 5, 2013, CCITF investigators physically located "Eric" and conducted a traffic stop of the subject vehicle. PSR ¶ 18. CCITF agents identified the passenger in the vehicle as Raul Ahumada Ramirez. Ahumada Ramirez was forthright with investigators. He acknowledged he had used the name "Eric" and admitted his involvement in distributing heroin. PSR ¶ 19. A search of the vehicle revealed two ounces of heroin (approximately 50 grams) and a subsequent consent search of defendant's residence revealed approximately 59.7 grams of heroin, packaging material and scales. PSR ¶ 19. In total, defendant was in possession of over 100 grams of heroin on the date of his arrest, but the long-term investigation revealed an ongoing conspiracy in which over 750 grams of heroin was distributed in the District of Oregon. PSR ¶ 21.

### IV.    SENTENCING CONSIDERATIONS

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 767 (2005). Even though the Guidelines are advisory, they remain influential in an effort to ensure national consistency. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) ("to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark" for sentencing); *see also United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district courts to consult the Guidelines is statutory.").

After the parties are given a chance to argue for a sentence they believe is appropriate, the Court should consider the § 3553(a) factors and decide if they support the sentence suggested by

the parties.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing *Gall,* 128 S. Ct. at 596-97, n.6).   The Court must make an individualized determination based on the facts, may not presume that the Guideline range is reasonable, and should not give the Guidelines factors more or less weight than other § 3553(a) factors.  *Id*.   If the Court decides an outside-Guidelines sentence is warranted, the Court must ensure the justification is sufficiently compelling to support the degree of variance.  *Id*.   And finally, once a sentence is selected, the Court must explain it sufficiently to permit meaningful appellate review.   *Id*. at 992.

Factors to consider under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to protect the public from further crimes of the defendant; and the need to provide the defendant with needed training, care, or treatment.

## V.    PLEA AGREEMENT AND RECOMMENDED SENTENCE

### a.    RELEVANT CONDUCT

The parties agree that defendant is responsible for 750 grams of heroin for a Base Offense Level of 30.   Plea Agreement ¶ 6.   PSR ¶ 26.

### b.    SAFETY VALVE

The parties agree the defendant does <u>not</u> qualify for a two-level reduction based upon the statutory criteria outlined in 18 U.S.C. 3553(f)(1-5) and U.S.S.G. §5C1.2(a)(1-5).   Plea Agreement ¶ 9.

    **c.  ACCEPTANCE OF RESPONSIBILITY**

The government recommends a three-level reduction to recognize defendant's acceptance of responsibility pursuant to § 3E1.1.   Plea Agreement ¶ 7.   PSR ¶ 33-34.

    **d.  GUIDELINE CALCULATION**

The government agrees with the PSR that defendant has a criminal history category level I pursuant to §4A1.1 based on no prior criminal history. PSR ¶40.   The parties further agree that 750 grams of heroin results in a Base Offense Level of 30.   Plea Agreement ¶ 6.   Furthermore, the parties agree to an additional two-level variance downward pursuant to U.S. Department of Justice policy on the condition that the defendant agrees on the record not to seek a further reduced sentence pursuant to 18 U.S.C. §3582(c) and the parties agree to a one-level reduction for reasons to be presented at sentencing.    Following a three-level reduction for acceptance of responsibility, the government calculates a Total Adjusted Offense Level of 24.   Therefore, the government calculates a guideline range of 51-63 months based on a Total Offense Level 24 and a Criminal History Category I.

    **VI.  CONCLUSION**

The defendant engaged in a significant heroin trafficking operation.   The guideline sentence calls for a sentence of 51-63 months.   The government has entered into a stipulated sentencing agreement with defendant.   It is the government's position that the proposed recommendation addresses the nature and seriousness of the offense and provides just punishment to the defendant for his actions. It is also promotes respect for the law and affords adequate deterrence to criminal conduct.   For the reasons set forth above, the government urges the Court to find that a sentence of 51 months' imprisonment, followed by four years of supervised release,

and a fee assessment of $100 satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated this 25th day of June 2014.

                                    Respectfully submitted,

                                    S. AMANDA MARSHALL
                                    United States Attorney

                                    *s/ Steven T. Mygrant*
                                    STEVEN T. MYGRANT, OSB #03129
                                    Special Assistant United States Attorney
                                    (503) 727-1000